## Wiley's Appeal. Andrews's Assigned Estate.

An administratrix sold the real estate of her decedent, in pursuance of an order of the Orphans' Court, to pay debts. There were certain liens upon the property. The sale was for cash, but for the convenience of the parties new judgment bonds were given by the purchaser to these lien creditors, for the amount of their respective claims. Each of the judgment bonds thus given contained a recital that they were for the purchase-money of the property sold. A certain amount remained charged on the land, and another judgment was given to the guardian of the minor children of the decedent to secure their interest. The purchaser made an assignment for the benefit of creditors, and upon a sale of the real estate by the assignee, claimed his exemption of $300 out of the proceeds, which the court allowed. *Held*, that this was error.

May 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Lancaster county:* Of May Term 1879, No. 24.

Appeal of William B. Wiley, guardian of the minor children of Andrew Stewart, deceased, from the decree of the court making distribution of the assigned estate of Henry Andrews. The following case was stated for the opinion of the court:

That Fannie Stewart, widow and administratrix of Andrew Stewart, deceased, by deed of April 1st 1875, in pursuance of an order of the Orphans' Court of Lancaster county (to pay the debts of said deceased), did grant and' confirm to Henry Andrews, his heirs and assigns, a certain dwelling-house and lot of ground, situated on the southwest corner of West Orange' and Mulberry streets, in the city of Lancaster, subject to a certain ground-rent and to $343.51, dower of said Fannie Stewart.

That a part of said debts, for which the real estate aforesaid was ordered to be sold by the Orphans' Court aforesaid, consisted of a judgment entered on a bond, with a warrant of attorney to confess judgment, in the Court of Common Pleas of said Lancaster county, for $1500, held by Abraham Denlinger, which was a lien on said premises at the time of said Andrew Stewart's death.

Another part of said debts, for the payment of which the said real estate was sold, consisted of a bond, with warrant of attorney to confess judgment (but on which judgment was never entered), held by Catharine Stewart against said Andrew Stewart for $450.

That on the 5th of April 1875, a judgment on a bond, with warrant of attorney, &c., was entered against said Henry Andrews in favor of said Abraham Denlinger, for $1500. That this judg-

ment was entered for the purpose of securing the same money that had been secured by the above-mentioned judgment, in favor of said Abraham Denlinger against said Andrew Stewart.

That on April 6th 1875, another judgment was entered on a bond, with a warrant of attorney, &c., against said Henry Andrews, in favor of William B. Wiley, Esq., guardian of the children of said Andrew Stewart, deceased, for $687.02, which was two-thirds of the balance of the proceeds of the sale of the real estate of said Andrew Stewart, deceased, remaining after payment of his debts, and which money was, in fact, never paid by said Henry Andrews to said administratrix, but said William B. Wiley, Esq., guardian, as aforesaid, took said Henry Andrews's judgment as .security for the same, and it formed part of. the consideration of the said purchase.

And that on April 7th 1875, another judgment was entered on a bond containing warrant of attorney, &c., against said Henry Andrews, in favor of said Catharine Stewart, for $450. That this judgment was entered to secure the payment of said sum of $450 above mentioned, which said Andrew Stewart owed to said Catharine Stewart; that said sum of $450 was, in fact, never paid by said Henry Andrews to said administratrix, but said Catharine Stewart took said judgment, as aforesaid, and it formed part of the consideration of the said purchase.

That each of these three judgment-bonds, thus given by the said Henry Andrews, aforesaid, contains the following clause, viz.: " The same being for purchase-money on house and lot of ground, southwest corner of West Orange and Mulberry streets, Lancaster, Pennsylvania."

That on October 25th 1877, a fi. fa. was issued on said judgment in favor of William B. Wiley, Esq., under which the sheriff levied on all the personal property of said Henry Andrews, consisting of his household furniture and store goods. That said defendant claimed the benefit of the Act of Assembly of April 9th 1849, exempting property to the value of $300 from levy and sale under execution, and that under the provisions of said act all of said defendant's personal property was appraised at the sum of $120, and set apart for him, which property said defendant retained, and has ever since used and enjoyed as his own.

That on October 25th 1877, said Henry Andrews and wife executed a deed of voluntary assignment of all the property and estate of said Henry Andrews, in trust for the benefit of the creditors of said assignor; which deed contains the following clause: " Excepting and reserving real or personal estate to the value of $300, under Act of April 9th 1849."

That on November 10th 1877, the Court of Common Pleas of said Lancaster county, granted an order of sale under Act of 17th of February 1876, to said assignee, in pursuance and by virtue of

[Wiley's Appeal.]

which order he sold said premises, on which said three several judgments were liens, consisting of the house and lot of ground hereinbefore mentioned, on December 4th 1877, for $2800, subject to the ground-rent and dower, as above mentioned.

That said Henry Andrews, the assignor aforesaid, now claims the balance of his $300 exemption out of the proceeds of the real estate aforesaid, that is to say: such a sum, out of said proceeds, that if added to said sum of $120, the amount at which his said personal property was appraised, would together make $300. The judgments referred to in this case stated are to be considered as parts of it.

If the court be of opinion that said Henry Andrews is entitled to said proceeds, being the sum of $180, then the court to order distribution accordingly; but if not, then the court to decree accordingly.

In an opinion, the court, Livingston, P. J., inter alia, said: "Are these judgments, judgments for purchase-money? What constitutes a judgment for purchase-money under our statute? In Nottes's Appeal, 9 Wright 362, WOODWARD, J., says: 'Liens for purchase-money may be by mortgage, judgment, or by executory articles of bargain and sale, but they are always created in favor of vendors, and exist for their protection and benefit, or that of their assignees or other legal representatives. The possessors of such liens are a well-defined class of creditors. They are those who have parted with their lands in consideration of the price agreed to be paid. The sound principle (said he), was, however, asserted in Stansall v. Robert, 13 Ohio R. 148, that a third person advancing money to the purchaser of real estate cannot claim a vendor's lien.' It is argued that this decision is overruled by, or in conflict with the later decision in Ulrich's Appeal, 12 Wright 489. We do not so understand it. * * * In the case before us the administratrix of the estate of Andrew Stewart, deceased, under and by virtue of an order of the Orphans' Court, was the vendor of the real estate. Henry Andrews was the purchaser. These judgment-creditors cannot claim, in the character of vendors, they never had any interest in or title to the property sold. They are, therefore, the loan-creditors of Henry Andrews, and nothing more; their liens are the liens of third parties loaning Henry Andrews money, to pay for real estate purchased by him from the administratrix of the estate of Andrew Stewart, deceased. And the fact that they have called the money loaned, in each bond, the purchase-money of a house and lot therein designated, to which they never had title, never sold or conveyed, does not make it so. Said judgments, in our opinion, not being liens for the purchase-money of real estate, do not prevent or preclude Henry Andrews, the assignor, from claiming and receiving out of the funds, in the hands of the

[Wiley's Appeal.]

assignee, the sum of $180, the balance of the $300 reserved by him in his assignment.

In accordance with this, our judgment, we do, therefore, direct, order and decree, that in the distribution of the funds in the hands of the assignee, he shall first pay to Henry Andrews the balance of his claim, excepted and reserved in the deed of assignment, under the Exemption Law of April 9th 1849, to wit: the sum of $180, and that he shall distribute the balance of the funds among the judgment-creditors, in the order of their priority of lien at the time of the assignment."

From this decree this appeal was taken.

*J. Hay Brown*, for appellant.—The children of Andrew Stewart were not strangers lending money to Henry Andrews to pay for the property purchased. They were the owners of the property sold, the vendors of Henry Andrews, so to speak ; and all that Nottes's Appeal, 9 Wright 361, and similar cases decide, is " that a third person, advancing money to the purchaser of real estate, cannot claim a vendor's lien." If they as the former owners of the property sold, allowed, through their guardian, their share of the purchase-money to remain in the property sold, the judgment given by Henry Andrews, the vendee, to secure the payment of the same, is in every sense of the word a judgment for purchase-money.

In Ulrich's Appeal, 12 Wright 489, judgments not given directly to the vendor, but to strangers who advanced money to pay for the property, were found by the court to be for purchase-money, and as such it was held that the defendant could not claim the benefit of the Act of April 9th 1849, against them.

*J. B. Good* and *M. Brosius*, for appellee.—Liens for purchase-money are always created in favor of vendors, and for their protection. The possessors of such liens are a well-defined class of creditors. They are those who have parted with their lands in consideration of the price agreed to be paid : Nottes's Appeal, 9 Wright 361; Stansell *v.* Robert, 13 Ohio R. 148 ; Dungan *v.* Am. Life Insurance Co., 2 P. F. Smith 253.

The children of Andrew Stewart, deceased, are not vendors in this case. The real estate of their father descended to them heavily encumbered with liens. It was the duty of the administratrix to sell : Act of 24th February 1834, Pamph. L. 76 ; Purdon 427, pl. 110. The administratrix who sold under order of court for the payment of debts was the vendor.

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

We need not discuss the question whether the judgment of the appellant against Henry Andrews for $687.02, is a purchase-money

judgment as to other lien-creditors. We have only to consider it as between the parties. The judgment is clearly a part of the consideration Andrews was to pay for the real estate. The administratrix sold the latter in pursuance of an order of the Orphans' Court, for the sum of $3800. There were certain liens upon the property; one in favor of Abram Denlinger for $1500, and one in favor of Catharine Stewart for $450. The sale was for cash, but for the convenience of the parties, new judgments were given by the purchaser to Denlinger and Catharine Stewart for the amount of their respective claims; $343.51 remained charged upon the land for the benefit of the widow, and the judgment of $687.02 was given to the appellant as guardian of the minor children to secure their interest. Andrews, the purchaser, having made an assignment for the benefit of creditors, claimed, and was allowed $120 exemption out of his personal estate, and now demands the balance of the exemption, $180, out of the proceeds of the sale of the real estate. To allow it would reduce the fund applicable to the plaintiff's judgment by a corresponding amount.

That there is no equity in his claim is manifest. He has not paid for the property out of which he claims the exemption, and he seeks to get it from the parties to whom the purchase-money belongs, to wit, the minor children of Andrew Stewart, deceased, the intestate, whose property was sold and purchased by Andrews. There is no exemption as to purchase-money creditors, the proviso expressly excepting such debts from the operation of the enacting clause of the statute : Nottes's Appeal, 9 Wright 361; Ulrich's Appeal, 12 Id. 489. The appellee contends, however, that the appellant's judgment was not for purchase-money. In this he is flatly contradicted by his own bond, which contains this clause : "The same being for purchase-money on house and lot of ground, southwest corner of West Orange and Mulberry streets, Lancaster, Pennsylvania." While it may be that in a contest between lien-creditors, this statement in the bond might not amount to much, yet, as between the parties it is important. As to them, it is an agreement that the judgment shall have the force and effect of a purchase-money lien. We are of opinion that it amounts to an estoppel, and that the application of this principle meets the justice of the case.

The decree is reversed at the cost of the appellee; and it is now ordered and decreed that the said sum of $180 be distributed to the lien-creditors in the order of their priority.